UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X

THOMAS GESUALDI, FRANK H. FINKEL,
MARC HERBST, DENISE RICHARDSON, LOUIS
BISIGNANO, MICHAEL BOURGAL, JOSEPH
FERRARA, SR., ANTHONY D'AQUILA,
MICHAEL O'TOOLE and THOMAS CORBETT,
As Trustees and Fiduciaries of the Local 282
Welfare Trust Fund, Pension Trust Fund,
Annuity Trust Fund, Training Trust Fund, and the
Vacation and Sick Leave Trust Fund,

              16-cv-5209

              (SJF)(ARL)

            Plaintiffs,

        -against-

West Shore Trucking, Inc., *et al.*,

            Defendants.

---------------------------------------------------------------------X

**DEFENDANT, WEST SHORE TRUCKING, INC.'S REPLY MEMORANDUM
OF LAW IN SUPPORT OF ITS MOTION FOR DISMISSAL PURSUANT
TO FRCP 12(c)**

*GERALD V. DANDENEAU, P.C.*
**425 Broad Hollow Road
Suite 418
Melville, New York
(631) 454-0606**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ...................................................................i

PRELIMINARY STATEMENT ...........................................................1

LEGAL ARGUMENT..........................................................................3

CONCLUSION.....................................................................................9

**TABLE OF AUTHORITIES**

CASES

Ashcroft v. Igbal, 556 U.S. 662
(2009)................................................................................................1,3,4

Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)................................1,3,4

Carpenters Fringe Benefit Funds of Ill, v. McKenzie Engineering,
217 F.3d 578 (8th Cir. 2000)................................................................8

Carpenters Local Union No. 1846 v. Pratt-Farnsworth, Inc., 690 F.489
(5th Cir. 1982)......................................................................................7

Clinton's Ditch Coop. Co v NLRB, 778 F.2d 132 (2nd Cir. 1985) ..................6

DeVito v. Hempstead China Shop, Inc., 38 F.3d 651(2ND Cir. 1994)...............8

Fried v. LVI Servs., Inc., 2011 WL 2119748 (SDNY 2011).........................6

Gonzalez v. City of New York, 2015 WL 9450599 (EDNY 2015).................5

Jones v. Roosevelt Island Operating, Corp., 2013 WL 6504428(SDNY 2013).....5

Kaiser Steel Corp., v. Mullins, 455 U.S. 72 (1982).....................................8

Lihli Fashions Corp., Inc. v. NLRB, 80 F.3d 743,748 (2nd Cir. 1996)..............6

Orrand v. Hunter Constr. Group, Inc., 2017 Fed. Appdx. 0072 (6th Cir. 2017).....8

Newspaper Guild Local 3 v. NLRB, 261 F.3d 291 (2nd Cir. 2001)...............6

Radio & Television Broadcast Technicians Local 1264 v. Broadcast Service of
Mobile, Inc., 380 U.S. 255, 256 (1965) ………………………………………..6

South Prairie Construction Co. v. Local No. 627, 425 U.S. 800 (1976)…………..5,9

## PRELIMINARY STATEMENT

The Defendant, West Shore Trucking, Inc. ("West Shore") submits this Reply Memorandum of Law in support of its application pursuant to Federal Rule of Civil Procedure 12(c), seeking an order dismissing the Plaintiffs' Complaint upon the grounds that it fails to plead and state a cause of action for which relief may be granted. This application is made in conjunction with the FRCP 12(c) motion made herein by the other Defendants, and the Court is respectfully requested to jointly consider that motion with this Defendant's FRCP 12(c) motion for essentially the same reasons they attack the merits of the Plaintiffs' Complaint.

This Defendant's moving Memorandum of Law sets forth significant and multiple reasons why the Plaintiffs' Complaint is insufficient as a matter of law. On the other hand, the Plaintiffs' Opposition Memorandum of Law further validates the Defendants' positions as set forth within both set of FRCP 12(c) motions. As will be further set forth herein, the Plaintiffs have failed to plead sufficient facts to sustain any plausible causes of action as required by Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662 (2009).

The Plaintiffs' Complaint generically alleges that the Defendants constitute a joint employer relationship; are the *alter ego* of each other; and/or constitute a double breasting operation with each other. These allegations though are utterly devoid of any factual predicates sufficient to give them plausibility. Instead, the Complaint, as it particularly relates to West Shore, merely states that John DiFazio and Joseph Eugenio manage and control West Shore (**Complaint ¶32**), and because of this single allegation,

1.

West Shore should be deemed a part of a "single employer enterprise" with the other Defendants. (**"Complaint ¶33**)

To support the Plaintiffs' further allegations that the Defendants constitute a single employer/alter ego business enterprise (**Complaint ¶78**), as well as a "double breasting" enterprise (**Complaint ¶79**), they allege that John DiFazio, as owner of Defendant DiFazio Industries ("Industries"), moved work from DiFazio Environmental Services ("Environmental") to West Shore (**Complaint ¶56**) and West Shore performed covered work at the direction of Industries (**Complaint ¶54**), all of this despite the fact that Environmental and not Industries was a signatory to the Local Union 282 Collective Bargaining Agreement ("CBA").

Other than these purported nonspecific allegations as they relate to West Shore alone, all other allegations in the Complaint in support of the Plaintiffs' legal theories are alleged against all of the Defendants, without specifying which Defendants share common management; which Defendants have a have centralized control of labor relations; which Defendants have an interrelationship of operations; which Defendants share common supervision; which Defendants share a common business purpose; which Defendants share common equipment; which Defendants had drivers that shared similar working conditions; which Defendants had drivers that share similar job classifications; which Defendants had drivers that shared similar skills and job functions, i.e., drove a truck; and which Defendants had drivers that performed similar services for customers, i.e., made deliveries (**Complaint ¶¶60, 61, 62, 63, 64, 65, 66, 67, 68 and 69**).

Because of these "boilerplate" allegations, the Plaintiffs are seeking to hold the Defendants liable to the Local 282 CBA, which was signed singularly by

Environmental. As will be further set out herein, these allegations without any sufficient alleged facts to support them, fail to satisfy the pleading requirements as established by both Twombly and Iqbal.

## LEGAL ARGUMENT

### I.      The Plaintiffs' Complaint should be dismissed in accordance with FRCP 12(c).

### A.      Legal Standard for Pleading a Cause of Action Under FRCP 12(c)

Initially, the Plaintiffs in their opposition Memorandum of Law correctly cite to the legal standard required to determine whether a complaint asserts a cause of action for which relief may be granted.    Referencing Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Plaintiffs have themselves determined that a complaint must allege something in its claim for relief that is "plausible on its face."    Twombly at 570 .

In order to provide a claim with facial plausibility, the Plaintiff must plead factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Twombly at 556. This requires "more than a sheer possibility that a defendant has acted unlawfully." Iqbal at 678. A pleading that relies upon "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not satisfy this pleading standard. Twombly at 555.

As set forth in Twombly, a complaint will be found to be insufficient if it merely tenders "naked assertions", devoid of "further factual enhancement." Twombly at 557. "Factual allegations must be enough to raise a right to relief above the speculative level,

3.

on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly at 545.

The Plaintiffs would have this Court determine the sufficiency of their complaint upon the very pleading failures addressed by the Twombly and Ashcroft courts. The Plaintiffs provide not even a scintilla of factual proof that the respective Defendants, no less West Shore, have engaged in conduct that would constitute a basis for their respective theories of relief. Generic allegations combined with the grouping of all of the "Defendants", without specifying which Defendants performed plausible acts that would constitute a predicate for their theories of relief, fails to satisfy the required pleading requirements.

Generalized statements that the "Defendants" shared "common" management or "common" control of labor relations requires a factual basis to demonstrate how multiple parties, with different addresses, different equipment (as it specifically applies to West Shore), different employees belonging to a different labor organization (as it specifically applies to West Shore), without some factual basis cannot satisfy the pleading requirements for the theories of single employer/alter ego status and/or joint employer status.

Nor can the Plaintiffs suggest to this Court that the discovery process will provide them with the factual basis necessary to sustain their claims for relief. As the Ashcroft court observed, while the court is required to accept as true the factual allegations in the complaint, this "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." This is exactly what the Plaintiffs are hoping to accomplish.   Iqbal at 678.

4.

In Jones v. Roosevelt Island Operating Corp., 2013 WL 6504428 (SDNY 2013), Judge Rakoff dismissed a complaint against several defendants upon the grounds, *inter alia*, that "allegations in the Complaint either clearly do not pertain to these defendants or merely offer generic statements of the elements of a (tort) without any indication of what these defendants did."

In Gonzalez v. City of New York, 2015 WL 9450599 (EDNY 2015), a complaint alleging a joint employer relationship was dismissed under FRCP 12(b)(6) upon the grounds that the allegations in the complaint alleging a joint employer relationship were "entirely conclusory and consist only of a recitation of the legal standard", and failed to allege factual allegations regarding the defendant's status as a joint employer.

Comparing the Plaintiffs' Complaint with the legal standards required clearly dictates that it is facially insufficient as a matter of law and should be dismissed.

**B. The Plaintiffs' Complaint Fails to Allege a Request for Plausible Relief.**

Despite the pleading failures inherent in the Plaintiffs' Complaint, they have also failed to allege plausible causes of action against West Shore and the other Defendants.

**"Single Employer" and/or "alter ego" status**: In order to sustain a determination that individual employers constitute a "single employer" or an "alter ego" relationship for ERISA fund purposes, the Plaintiffs must initially satisfy the requirements of South Prairie Construction Co. v. Local 627, 425 U.S. 800 (1976) and determine if the employees share a "community of interests." **See West Shore's moving Memorandum of Law, Point III, page 8.**

The Plaintiffs are required to allege for the proof of single employer status that

5.

the group of employees at issue are essentially similar in all regards as it applies to their job functions and the subject two or more entities that act as a single employer do so through an interrelationship of operations, common management, centralized control of labor organizations and common ownership. <u>Fried v. LVI Servs., Inc.</u>, 2011 WL 2119748 (SDNY 2011).

Significantly, in establishing a "single employer" and/or "alter ego" relationship, the party asserting the relationship must demonstrate that the entities concurrently perform the same function and one entity recognizes the union and the other does not. <u>Newspaper Guild Local No. 3 v. NLRB</u>, 261 F.3d 291 (2nd Cir. 2001). Separate companies are considered a "single employer" or "alter ego" if they are "part of a single integrated enterprise." <u>Lihi Fashions Corp., Inc. v. NLRB</u>, 80 F.3d 743(2nd Cir. 1996), citing <u>Clintons Ditch Coop., Co. v. NLRB</u>, 778 F.2d 132, 137 (2nd Cir. 1985).

Single employer and alter ego status requires a showing that there is an interrelationship of operations; common management; centralized control of labor relations and common ownership. <u>Radio & Television Broadcast Technicians Local 1264 v. BroadcastService of Mobile, Inc</u>., 380 U.S. 255, 256 (1965). With the exception of non-factual Paragraph 32 of the Complaint ("John DiFazio and Joseph Eugenio manage and control West Shore."), there is no other specific allegation regarding West Shore that satisfies the requirements for pleading a "single employer" relationship, with the result that the "plausibility" requirement of <u>Twombly</u> has clearly not been satisfied.

The Plaintiffs' Complaint demonstrates a complete lack of clarity in their

allegations of "single" and/or "alter ego" status, since it cannot be determined from the face of the Complaint if West Shore is alleged to be the single employer component with Environmental, the only Defendant to be signatory to the Local 282 CBA. We simply cannot determine which Defendant constitutes the alleged nonunion employer in the Plaintiffs' Complaint.

This is also compounded by the fact that West Shore since 2015 has been signatory to a separate labor agreement covering its drivers with Local 447, International Association of Machinists & Aerospace Workers, AFL-CIO, the same labor organization that Defendant Faztec Industries, Inc. ("Faztec") has collectively bargained with on behalf of its employees. The West Shore relationship with Local 447 was the subject of a NLRB certified election by West Shore's employees, and was not a voluntary recognition by West Shore of Local 447. **See Exhibit "A" to Eugenio Declaration**.

As argued throughout this proceeding, the Local 447 relationship with West Shore bars this action to the extent it provides for labor representation as of February, 2015. Both West Shore and Faztec have submitted exhaustive judicial precedent to the Court in their arguments that neither can be held liable for dual contributions to the Plaintiff Funds. **See West Shore's moving Memorandum of Law, pages 14-17; Faztec's moving Memorandum of Law, pages 11-13; Faztec's Reply Memorandum of Law, pages 8-15.**

Furthermore, even if it were determined that West Shore was a single employer with the other Defendants, that standing alone would not require West Shore to contribute to the Local 282 Funds. Even if two firms are a single employer, a union

contract signed by one would not bind both unless the employees of both companies constituted a single bargaining unit. Carpenters Local Union No. 1846 v. Pratt-Farnsworth, Inc., 690 F.2d 489, 505 (5th Cir. 1982).

The Plaintiffs have not and cannot cite to any legal authority for their suggestion that a union signatory employer can be liable to another union in the absence of a CBA with that other union. In fact, it is the established law in this Circuit that ERISA Section 515 requires contributions only in accordance with the terms and conditions of a CBA. DeVito v. Hempstead China Shop, Inc., 38 F.3d 651 (2nd Cir. 1994). ERISA Funds may collect only those contributions that an employer is legally obligated to pay. Carpenters Fringe Benefit Funds of Illinois v. McKenzie Engineering, 217 F.3d 578 (8th Cir. 2000), citing DeVito.

While Congress enacted Section 515 in order to protect employee's contribution rights, and have determined that ERISA funds are a distinct entity for the purpose of enforcing contribution obligations pursuant to a CBA, Congress did provide some defenses against the enforcement provisions of ERISA funds.  See Benson v. Brower Moving & Storage, Inc., 907 F.2d 310 (2nd Cir. 1990). Congress has explicitly provided an exception for employer's contribution obligations found in Section 515 where they are inconsistent with law. Orrand v. Hunter Constr. Grp., Inc., 2017 Fed. Appdx., 0072(6th Cir. 2017), citing Kaiser Steel Corp. v. Mullins, 455 U.S. 72 (1982).

This fact underscores the entire flawed suggestion by the Plaintiffs that West Shore and Faztec comprise components of a "single employer" and/or "alter ego" relationship. **See: West Shore's moving Memorandum of Law, Point V, page**

8.

**14-17; Co-Defendants' moving Memorandum of Law, pages 6, 1-13; Co-Defendants' Reply Memorandum of Law, pages 9-15**.

**Double Breasted status**: The Plaintiffs' Complaint fails to allege any facts that would provide relief under their claim that the Defendants operate a "double breasting" operation.   A double breasting operation occurs when two employers operate as a single employer with one employer being signatory to a union agreement and the other employer being a nonunion employer. They will be considered as a "double breasting" operation only if their work force is so closely related as to constitute a single bargaining unit under the community of interests test required by <u>South Prairie Construction, Co.</u>, *infra*.

Nowhere has it been specifically alleged that West Shore is the nonunion double breasting component of any of the other Defendants. As already indicated herein, West Shore is subject to a CBA with Local 447 after Local 447 was certified by the NLRB as the designated bargaining representative for West Shore's drivers pursuant to a Board conducted representation election. The Plaintiffs completely ignore this fact in seeking to impose the Local 282 CBA upon West Shore's drivers, despite their voluntary choice of union representative.

## CONCLUSION

For the foregoing reasons it is respectfully further requested that the Defendant, West Shore Trucking, Inc.'s, Motion for a Judgment on the Pleadings pursuant to FRCP 12(c) be granted in all respects and that the Plaintiffs' Complaint be dismissed in all

respects, together with such relief as may be deemed just and proper.

Respectfully submitted,

_____/S/_____
GERALD V. DANDENEAU, P.C.
By: GERALD V. DANDENEAU
Attorneys for West Shore Trucking, Inc.
425 Broad Hollow Road
Melville, New York 11747
(631 )454-0606

To: Trivella, Forte & Smith
Attorneys for the Plaintiffs
1311 Mamoroneck Ave.
White Plains, New York 10605

The Ziskin Law Firm, LLP
Attorneys for S. DiFazio & Sons
Construction, Inc./
Environmental Services

Sullivan, P.C.
Attorneys for Faztec Industries, Inc.
7 East 20th Street
New York, New York 10003

Internicolia Law Firm
1000 South Ave.
Staten Island, NY 10314