UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
THOMAS GESUALDI, LOUIS BISIGNANO,
ANTHONY D'AQUILA, MICHAEL O'TOOLE,
MICHAEL BOURGAL, FRANK H. FINKEL,
JOSEPH A. FERRARA, SR., MARC HERBST,
DENISE RICHARDSON, and
THOMAS CORBETT, as Trustees and Fiduciaries
of the Local 282 Welfare Trust Fund, the Local
282 Pension Trust Fund, the Local 282 Annuity
Trust Fund, the Local 282 Job Training Trust
Fund, and the Local 282 Vacation and Sick
Leave Trust Fund,

       Plaintiffs,

       v.

S. DiFAZIO AND SONS CONSTRUCTION, INC.
d/b/a DiFAZIO ENVIRONMENTAL SERVICES,
DiFAZIO IND., LLC d/b/a DiFAZIO INDUSTRIES,
DiFAZIO INDUSTRIES, INC., FAZTEC
INDUSTRIES, INC., and WEST SHORE TRUCKING,
INC., jointly and severally,

       Defendants.
------------------------------------------------------------------x

**ORDER**
Case No.: 16-cv-5209
(SJF)(ARL)

FEUERSTEIN, Senior District Judge.

I.    Introduction

      Plaintiffs Thomas Gesualdi, Louis Bisignano, Anthony D'Aquila, Michael O'Toole,

Michael Bourgal, Frank H. Finkel, Joseph A. Ferrara, Sr., Marc Herbst, Denise Richardson, and

Thomas Corbett (collectively, "Plaintiffs"), are Trustees and Fiduciaries of the Local 282[1]

---

[1] All references to "Local 282" or "282" herein refer to a Teamsters union, representing various truck drivers, which operates in New York City and on Long Island. *See Teamsters Union Local 282: Home*, "Welcome to Teamsters Local 282," *available at* http://www.teamsterslocal282.com.

FILED
CLERK
3:27 pm, Mar 08, 2018
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

Welfare Trust Fund, the Local 282 Pension Trust Fund, the Local 282 Annuity Trust Fund, the Local 282 Job Training Trust Fund, and the Local 282 Vacation and Sick Leave Trust Fund, (collectively, the "Funds"), for the benefit of which they commenced this action seeking to collect delinquent employer contributions pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.C.S. §§ 1132(a)(3) & 1145, and the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185 from defendants S. Di Fazio and Sons Construction, Inc. d/b/a DiFazio Environmental Services ("Environmental"), DiFazio Ind., LLC d/b/a DiFazio Industries ("LLC") and DiFazio Industries, Inc. ("Inc.") (LLC and Inc. collectively referred to as "Industries"), Faztec Industries, Inc. ("Faztec"), and West Shore Trucking, Inc. ("West Shore") (collectively, "Defendants"). After the Court denied as premature and without prejudice the Defendants' summary judgment motions (*see* ECF No. 47), the Defendants moved for judgment on the pleadings (*see* ECF No. 55 (Environmental, Industries, and Faztec)); ECF No. 61 (West Shore) (collectively, the "Rule 12(c) Motion[2]")), which motions were referred to Magistrate Judge Arlene R. Lindsay (*see* Electronic Referral Order dated Apr. 14, 2017 (re: ECF No. 55); *see also* Electronic Referral Order dated May 2, 2017 (re: ECF No. 61).)

Now before the Court is Magistrate Judge Lindsay's Report and Recommendation, dated December 12, 2017, recommending that Defendants' Rule 12 Motions be granted in part and denied in part. (*See* ECF No. 82; hereafter, "Report".) Specifically, the Magistrate Judge recommends:

---

[2] West Shore adopted and incorporated many of its co-Defendants' arguments in its Rule 12(c) Motion. Thus, hereafter, citations to the "Rule 12(c) Motion" will be to the Motion of Defendants Environmental, Industries, and Faztec (ECF No. 55).

> (1) Plaintiffs' claims against Faztec for delinquent contributions
> accruing prior to June 1, 2011 should be dismissed as barred by the
> 2011 Release; and (2) Plaintiffs' claims for declarative and
> injunctive relief should be dismissed to the extent these claims
> essentially seek money damages.

(Report at 25.) On December 26, 2017, Defendants filed their objection to the Report. (*See* ECF No. 86; hereafter, the "Objection".[3]) On January 9, 2018, Plaintiffs filed an opposition to Defendants' Objection. (*See* ECF No. 94; hereafter, the "Opposition".) For the reasons that follow, the Court overrules Defendants' objections and adopts Magistrate Judge Lindsay's Report in its entirety.

II.  Background

The "BACKGROUND" section of the Report addresses the facts and procedural history underlying this action, which are incorporated by reference[4] (*see* Report at 2-4) and with the Court assuming the Parties' familiarity therewith. The Court provides a summary of the Defendants' arguments in support of their Rule 12(c) Motion for convenience of the reader.

Defendants argued that the Release in the 2011 Stipulation clearly barred the Plaintiffs from claiming any contributions prior to June 1, 2011. (*See* Environmental's Rule 12(c) Motion at 9-10.) The Release states in pertinent part:

> [T]he Trustees and their successors and assigns, and, collectively,

---

[3] For clarity, the Court notes that Environmental filed the Objection "[w]ith the consent from and on behalf of all Defendants." It also filed the Declaration of Richard Ziskin in support of its Objection, which included the following exhibits: the Report (Ex. A); (2) the Trustees' complaint in their prior action against Environmental only, *Gesualdi, et al., v. S. DiFazio and Sons Constr., Inc.*, No. 09-cv-3649 (E.D.N.Y. Aug. 21, 2009)(hereafter, the "2009 Action") (Ex. B); and (3) the June 1, 2011 Stipulation and Order of Settlement in the 2009 Action, "so ordered" by the Court on June 6, 2011 (hereafter, the "2011 Stipulation") (Ex. C). (*See* ECF No. 87.)

[4] Terms of art defined in the Report are used herein.

> their past, present, and future trustees, fiduciaries, administrators, employees, agents, and representatives ("Releasors") discharge and release all claims, obligations, demands and judgments, causes of action and charges, of whatever kind or nature, whether known or unknown, which they now may have against: DiFazio [*i.e.*, Environmental] and Faztec and each of their owners, officers, directors, employees, shareholders, affiliates, agents or any of their successors or assigns ("Releasees") *for all periods prior to August 31, 2008*. For periods up to the date of this Stipulation, Releasors **specifically release** Releasees from any claim, obligation, demand, judgment, cause of action or charge of whatever kind, whether known or unknown, which they now have that Faztec is an alter ego, single employer, controlled group member or is otherwise affiliated with DiFazio **such that** Faztec is responsible for any benefit fund contribution, delinquency, liability or obligated under any labor agreement between DiFazio and Teamsters Local 282 or any trust document attendant thereto; Releasees expressly acknowledge that Faztec is a separate corporation which shall not be deemed liable, in any of the aforementioned regards or otherwise, for the obligations of DiFazio.

(2011 Stipulation ¶3 (defined as the "Release")(all emphases added).) They also contend that any pre-2011 claims are barred under the doctrine of *res judicata,* asserting that the 2011 Stipulation precludes further litigation regarding the same time period. (*See* Rule 12(c) Motion at 10-11 (citing *Hanley v. Aperitivo Rest., Corp.*, No. 97-cv-5768, 1998 WL 307376, at *5 (S.D.N.Y. June 11, 1998; further citation omitted).) They further argue that since Faztec "has already paid all required union and fund payments to [Local] 447 for the same work claimed by [Local] 282" (*id.* at 11), and Plaintiffs have not shown a duty under Local 282's collective bargaining agreement ("CBA") with Environmental that Faztec is doubly liable to the Funds for work performed by other union workers, all causes of action against Faztec should be dismissed. (*See id.* at 11-13.) Defendants further posit that: Plaintiffs fail to allege sufficient non-conclusory facts to support their theories of affiliate liability (*see id.* at 13-17); Plaintiffs' claims, other than

seeking an audit, are not ripe (*see id.* at 17-18); Plaintiffs lack standing to bring their claim under the Labor Management Relations Act (*see id.* at 18); Plaintiff's fraud claim is facially deficient, as the claim "does not contain the required allegation of intent" (*id.* at 19; *see also id.* at 19-20); and there is no basis for Plaintiffs' demands for declaratory judgment and injunctive relief (*see id.* at 20-21).

III.   Applicable Standards

  *A. Report and Recommendation Standard of Review*

Rule 72 of the Federal Rules of Civil Procedure permits a magistrate judge to conduct proceedings of dispositive pretrial matters without the consent of the parties. *See* Fed. R. Civ. P. 72(b). Any portion of a report and recommendation on dispositive matters to which a timely objection has been made is reviewed *de novo*. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). However, "when a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the report strictly for clear error." *Frankel v. City of N.Y.*, Nos. 06-cv-5450, 07-cv-3436, 2009 WL 465645, at *2 (S.D.N.Y. Feb. 25, 2009); *see also Butto v. Collecto, Inc.*, 290 F.R.D. 372, 379 (E.D.N.Y. 2013) ("In a case where a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." (quotations and citation omitted)). The Court is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are made. *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985). Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

### B.  Motion for Judgment on the Pleadings Standard

"In deciding a Rule 12(c) motion, we 'employ[] the same . . standard applicable to dismissals pursuant to [Federal Rule of civil Procedure] 12(b)(6).'" *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 429 (2d Cir. 2011)(quoting *Johnson v. Rowley*, 569 F.3d 40, 43 (2d Cir. 2009;quotation marks and citation omitted).  The standard of review on a Rule 12(b)(6) motion is that a plaintiff plead sufficient facts "to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009).  The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

"A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937 (quoting *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557, 127 S. Ct. 1955).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. 544, 127 S. Ct. at 1959.

In deciding a motion pursuant to Rule 12(b)(6), the Court must liberally construe the claims, accept all factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff.  *See Aegis Ins. Servs., Inc. v. 7 World Trade Co., L.P.*, 737 F.3d 166, 176 (2d Cir. 2013) (quotations and citation omitted); *Grullon v. City of New Haven*, 720 F.3d 133,

139 (2d Cir. 2013). However, this tenet "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679, 129 S. Ct. 1937. "In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.*; *see also Ruston v. Town Bd. of Town of Skaneateles*, 610 F.3d 55, 59 (2d Cir. 2010).

Nonetheless, a plaintiff is not required to plead "specific evidence or extra facts beyond what is needed to make the claim plausible." *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120-21 (2d Cir. 2010); *accord Pension Benefit Guar. Corp. ex rel. St. Vincent Catholic Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 729-30 (2d Cir. 2013). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679, 129 S. Ct. at 1937.

In deciding a Rule 12(b)(6) motion, the Court must limit itself to the facts alleged in the complaint, which are accepted as true; to any documents attached to the complaint as exhibits or incorporated by reference therein; to matters of which judicial notice may be taken; or to documents upon the terms and effect of which the complaint "relies heavily" and which are, thus, rendered "integral" to the complaint. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002); *see also ASARCO LLC v. Goodwin*, 756 F.3d 191, 198 (2d Cir. 2014), *cert. denied*, 135 S. Ct. 715 (2014). Courts may also consider public records in deciding a motion to dismiss.

*See Blue Tree Hotels Inv. (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.*, 369 F.3d 212, 217 (2d Cir. 2004) (state court complaint); *Taylor v. Vermont Dep't of Educ.*, 313 F.3d 768, 776 (2d Cir. 2002) (state court decree); *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 75 (2d Cir. 1998) (case law and statutes). Moreover, a plaintiff's "failure to include matters of which as pleader[] [she] had notice and which [are] integral to [her] claim–and that [she] apparently most wanted to avoid–may not serve as a means of forestalling . . . [a] decision on a 12(b)(6) motion." *L-7 Designs*, 647 F.3d at 422 (quotations, alterations and citation omitted). Factual allegations are assumed to be true "unless contradicted by more specific allegations or documentary evidence . . . ." *Id.*

IV.    Discussion

    *A. Magistrate Judge Lindsay's Report & Recommendations*

Recognizing that the purpose of a Rule 12(c) motion is to assess the legal feasibility of a complaint and not to "weigh the evidence the might be offered to support it," (Report at 5 (quoting *Global Network Commc'ns, Inc. v. City of N.Y.*, 458 F.3d 150, 155 (2d Cir. 2006)(internal quotations omitted)), the Magistrate Judge began her analysis of the Defendants' Motion by determining which documents outside of the complaint she was entitled to consider. (*See id.* at 5-8.) She declined to consider declarations submitted by West Shore as not integral to the Complaint. (*See id.* at 6 (citing *Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016).) Of the CBAs submitted, the Magistrate Judge considered the one between Local 282 and Environmental as it was "obviously integral to the [C]omplaint since this action seeks to recover contributions due thereunder." (*Id.*) However, she declined to consider the CBAs between Faztec and Local 447 and between West Shore and Local 447 because they were not referenced

in Plaintiffs' Complaint, making them non-integral thereto, and because they could "open the door to further factual inquiry which is inappropriate at this procedural posture." (*Id.*) Regarding documents emanating from the 2009 Action, Magistrate Judge Lindsay determined she could take judicial notice of the complaint and the 2011 Stipulation and since they are integral to the Complaint she would consider them. However, because a subsequent 2012 agreement between Environmental and Local 282, which acknowledged the 2011 Stipulation, "was not publically filed and is not integral to the [C]omplaint," Magistrate Judge Lindsay declined to consider it. (*See id.* at 6-7.)

Having, thus, framed her analysis, the Magistrate Judge found, "The Release does not release [] Environmental from contributions post-August 31, 2008." (*Id.* at 10.) She also found that, notwithstanding that the Release included "affiliates" of Environmental and Faztec within the definition of "Releasees", in the context of a Rule 12(c) motion, she could not "state as a matter of law that the Release applies to West Shore and [] Industries for post-August 31, 2008 delinquencies" (*id.*) since neither entity was mentioned in the 2011 Stipulation. (*See id.* at 10-11.) However, she found "Plaintiffs' claims against Faztec for unpaid contributions accruing from September 1, 2008 - June 1, 2011 are barred by the Release," thereby recommending "dismissal of Plaintiffs' claims against Faztec to the extent they seek to recover for delinquent contributions accruing pre-June 2011." (*Id.* at 11.)

As to Defendants' *res judicata* argument, the Magistrate Judge found no reason in this case to apply that principle to a date after the commencement of the 2009 Action. (*See id.* at 13 (citing *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 502 n.7 (2d Cir. 2014)).) Since the 2009 Action commenced on August 21, 2009, *res judicata* would only act as a bar to Plaintiffs'

current claims for monies back to that date. The Magistrate Judge noted that, since Plaintiffs in this action "seek[] contributions for the six-year period prior to the commencement of this [A]ction, viz. September 16, 2010 - September 16, 2016, . . . the doctrine of *res judicata* does not operate . . . to bar any of Plaintiffs' claims against [] Environmental." (*Id.*) As to Industries and West Shore, because of the limited record available to the Court on the Rule 12(c) Motion, Magistrate Judge Lindsay could not determine whether there was the necessary privity between those entities and Environmental such that she could recommend Plaintiffs claims against Industries and West Shore should be barred by principles of *res judicata*. (*See id.* at 13-14.)

Similarly, because the Local 447 CBA was "outside the purview of the Court's review on this Rule 12(c) motion," and because Faztec's and West Shore's arguments of alleged double payment in relation to their CBAs with Local 447 raised factual issues, the Magistrate recommended that branch of Defendants' motion be denied. (*See id.* at 14.)

Regarding Plaintiffs' affiliated liability allegations (*see id.* at 18-20; *see also id.* at 15-18), which were taken as true, Magistrate Judge Lindsay found, notwithstanding their sparseness, "that the relevant allegations state a plausible claim that the Defendants are alter egos, constitute a single employer and/or engaged in double breasting." (*Id.* at 20 (collecting cases finding similar sparse allegations to be sufficient).) Hence, she recommends Defendants' motions to dismiss Plaintiffs' claims of affiliated liability be denied.

Based on Plaintiffs' allegations that the Defendants failed to submit required contributions under the governing CBAs, Magistrate Judge Lindsay found no merit to Defendants' ripeness arguments and recommends "the branch of Defendants' motions which seeks dismissal based upon a purported lack of ripeness be denied." (*Id.* at 21.) Further, based

on Second Circuit case law that as third-party beneficiaries to CBAs, ERISA funds administrators may sue on behalf of funds, *see Cement & Concrete Workers Dist. Council Welfare Fund, Pension Fund, Legal Servs., Fund and Annuity Fund v. Lolla*, 35 F.3d 29, 34 (2d Cir. 1994)(citing 29 U.S.C. § 185(a)), and Defendants' implicit concession thereto (*see* Defendants' Reply at 20 (ECF No. 55-11)), the Magistrate Judge found Defendants' standing argument regarding Plaintiffs' LMRA claim, its Second Cause of Action, unavailing; hence, she recommends that Defendants' motion to dismiss the Second Cause of Action be denied. (*See id.* at 21-22.)

Stating the heightened pleading standards of Rule 9(b), including instances where fraud allegations are made against multiple defendants (*see id.* at 22), Magistrate Judge Lindsay further stated:

> However, "[w]here a complaint alleges a legal relationship between fraud defendants that makes the acts of one attributable to each, 'Rule 9(b) does not require Plaintiffs to allege a 'specific connection between fraudulent representations . . . and particular defendants . . .'." *United States v. TEVA Pharms. USA, Inc.*, No. 13 Civ. 3702, 2016 WL 750750, at *12 (S.D.N.Y. Feb. 22, 2016)(quoting *Luce v. Edelstein*, 802 F.2d 49, 55 (2d Cir. 1986)).

(*Id.* at 22-23.) Finding Plaintiffs' allegations met the requisite Rule 9(b) standard, as well as alleged a specific connection between the alleged fraudulent conduct and the Defendants, she recommends "Defendants' motion to dismiss the third cause of action for fraud be denied." (*Id.* at 23.)

Finally, the Magistrate Judge found Plaintiffs' claim for a declaratory judgment that "'Defendants engaged in a scheme to avoid paying contributions to [Plaintiffs]' as well as an injunction 'ordering Defendants to pay all unpaid delinquencies owed to Plaintiffs[] . . . in an

amount to be determined at trial,'" (*id.* at 24 (quoting Complaint ¶139(c)-(d)), were "claims seeking money damages, they are legal claims and should be dismissed." (*Id.* (citing *Cent. States, S.E. & S.W. Areas Health and Welfare Fund v. Gerber Life Ins. Co.*, 771 F.3d 150, 154 (2d Cir. 2014)).) Because these claims in equity seek money damages, Magistrate Judge Lindsay recommends that they be dismissed. She made no finding regarding that portion of Plaintiffs' Fourth Cause of Action seeking an order compelling an audit of Defendants' books and records. (*See id.* at 24 n.10.)

### B. The Defendants' Objections

Defendants object to Magistrate Judge Lindsay's recommendations to the extent she did not recommend that Plaintiffs' claims for delinquent contributions prior to June 1, 2011 and/or September 19, 2010 should be dismissed. (*See* Objection at 1.) Defendants raise three bases for their Objection. First, they assert that the Release in the 2011 Stipulation precludes Plaintiffs from seeking pre-June 2011 contributions from Environment. (*See id.* at 4.) Second, Defendants contend Plaintiffs' claims in this action for pre-June 2011 Funds contributions are barred by the doctrine of *res judicata*. (*See id.*) Third and alternatively, Defendants argue that New York State's six-year breach-of-contract statute of limitations prevents Plaintiffs from seeking alleged unpaid ERISA contributions for any time prior to September 19, 2010. (*See id.*)

### C. The Plaintiffs' Opposition

Not surprisingly, Plaintiffs agree with Magistrate Judge Lindsay's interpretation of the Release in that it does not free Environmental from claims for Funds contributions post-August 31, 2008. (*See* Opposition at 9.) Moreover, since it is not sufficiently clear and unambiguous under the language of the Release whether the other Defendants are affiliates of Environmental

and/or Faztec, the Magistrate Judge was correct the find a dismissal pursuant to Rule 12(c) and as to the other Defendants is not warranted here. (*See id.* at 10.)

Similarly, Plaintiffs encourage the Court to overrule Defendants' objection to the Magistrate Judge's *res judicata* findings, *i.e.*, under the doctrine of *res judicata*, Plaintiffs are precluded from seeking Funds contributions for dates prior to the commencement of the 2009 Action (*see id.* at 10-11), and on this Rule 12(c) record, there is no evidence of privity warranting Industries' and West Shore's invocation of a *res judicata* defense to Plaintiffs' collection efforts (*see id.* at. 11-12).

Finally, Plaintiffs take issue with the Defendants supposed rasing a statute of limitations defense in their Objection because Defendants did not raise it in their moving papers. (*See id.* at 14.) They contend, "Under the set of facts alleged in the Complaint, the fraud cause of action would not accrue for statute of limitations purposes until two years from date of discovery, which is a question of fact not to be decided on a Fed. R. Civ. P. 12(c) Motion." (*Id.*)

   *D. The Court's Consideration of Defendants' Objections*

As an initial matter, Defendants did not lodge any objections to Magistrate Judge Lindsay's material consideration rulings and this Court finds no basis to disagree with those determinations.

To the extent Defendants object to Magistrate Judge Lindsay's recommendation that "Plaintiffs' claims against Faztec for delinquent contributions accruing prior to June 1, 2011 should be dismissed as barred by the 2011" because the recommendation does not extend to include Environmental, that objection is overruled. Having properly construed the Release according to general principles of contract law (*see* Report at 10 n.5 (quoting *Powell v.*

*Omnicom*, 497 F.3d 124, 128 (2d Cir. 2007), and *Worth Contr. Co., Inc. v. I.T.R.I. Masonry Corp.*, No. 98-cv-2536, 2001 WL 209924, at *5 (S.D.N.Y. Feb. 21, 2001)), the Magistrate Judge found the clear and unambiguous language of the Release: (1) released both Environmental and Faztec from "all" claims Plaintiffs could have against them "for all periods prior to August 31, 2008"; and (2) "specifically release[d]" Faztec from any affiliated liability claims Plaintiffs had against Environmental and Faztec "for periods up to the date of this Stipulation." "As with contracts generally, the courts must look to the language of a release—the words used by the parties—to determine their intent . . ." *Peterson v. Regina*, 935 F. Supp.2d 628, 635 (S.D.N.Y.)(quotation marks and citation omitted). The meaning of an unambiguous contract is a question of law. *See Revson v. Cinque & Cinque, P.C.*, 221 F.3d 59, 66 (2d Cir. 2000). This Court agrees with the Magistrate Judge's finding that the 2011 Stipulation and, in particular, the Release were clear and unambiguous, and do not shield Environmental from Plaintiffs' collection efforts from 2008 through June 1, 2011, the date the 2011 Stipulation was entered.

Further, Defendants' objection based on the *res judicata* doctrine is overruled. Defendants would have this Court give the 2011 Stipulation *res judicata* effect, protecting all of them from Plaintiffs' collection attempts for Funds delinquencies for periods prior the 2011 Stipulation. As to Environmental and as discussed by Magistrate Judge Lindsay, the facts of this case do not warrant expanding the *res judicata* bar date from the commencement date of the 2009 Action to the entry date of the 2011 Stipulation. (*See* Report at 12-13 (citing *TechnoMarine*, 758 F.3d at 499, 502 n.7).) *See also Legnani v. Alitalia Linee Aeree Italiane, S.p.A.*, 400 F.3d 139, 141-42 (2d Cir. 2005) ("Claims arising subsequent to a prior action need not, and often perhaps could not, have been brought in that prior action; accordingly, they are not

barred by *res judicata* regardless of whether they are premised on facts representing a continuance of the same course of conduct." (quotations and citation omitted)); *Davis v. Proud*, 2 F. Supp.3d 460, 482-83 (E.D.N.Y. 2014)(Feuerstein, J.). Moreover, the Court agrees with the Magistrate Judge that given the current procedural posture of this case and its concomitant record, there is insufficient information to conclude that Faztec, Industries and West Shore were in privy with Environmental thereby warranting preclusion. (*See* Report at 13-14 (quoting *Cent. Hudson Gas & Elec. Corp. v. Empresa Naviera Santa S.A.*, 56 F.3d 359, 367-68 (2d Cir. 1995)).)

Finally, Defendants advance an alternative "objection" that Plaintiffs' claims should be curtailed by New York State's six-year statute of limitations. (Objection at 16-18.) The Court need not consider this alternative. As Plaintiffs' correctly observe, since Defendants did not raise a statute of limitations argument in their Rule 12(c) Motion, Magistrate Judge Lindsay made no recommendation in that regard.[5] (Opposition at 14.) Moreover, considering Plaintiffs' allegations of fraud (*see* Complaint ¶¶115, 128), there is a question as to when claims for Funds contributions accrued; that question needs to be answered by the trier of fact. *See Koch v. Christie's Int'l PLC*, 699 F.3d 141, 154-55 (2d Cir. 2012)(instructing that "whether a plaintiff is possessed of knowledge of facts from which [fraud] could be reasonably inferred, such that the statute of limitations begins to run, '[o]rdinarily . . . presents a mixed question of law and fact and, where is does not conclusively appear that the plaintiffs had knowledge of facts of that nature[,] a complaint should not be dismissed on a motion"; internal quotations and citation omitted; brackets in *Koch*).

---

[5] To the extent the Defendants would have this Court infer such a recommendation, the Court declines to do so. The Magistrate Judge's implicit discussion of the statue of limitations is, at most, dicta.

* * *

Having considered the Defendants' objections to the Report and conducted a *de novo* review of the record, the Court is satisfied that Magistrate Judge Lindsay's Report it is not facially erroneous; therefore, it is adopted in its entirely.

V.    <u>Conclusion</u>

Accordingly, IT IS HEREBY ORDERED that Defendants' Rule 12(c) Motion is ***granted in part***, with:

*A.* Plaintiffs' claims against Faztec for delinquent contributions accruing prior to June 1, 2011 being dismissed as barred by the Release in the 2011 Stipulation; and

*B.* Plaintiffs' claims for declarative and injunctive relief being dismissed to the extent those claims are seeking monetary damages; and

***denied in part***, with the balance of Plaintiffs' claims remaining.

Dated this 8th day of March 2018 at Central Islip, New York.

                                    __/s/__ *Sandra J. Feuerstein*_____
                                      Sandra J. Feuerstein
                                      United States District Judge