UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
THOMAS GESUALDI, *et al.*,

                          Plaintiffs                         **REPORT AND**
                                                                            **RECOMMENDATION**
              -against-                                 16-CV-5209 (SJF) (ARL)

S. DI FAZIO AND SONS CONSTRUCTION, INC.,
*et al.*,

                          Defendants.
------------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

      Plaintiffs Thomas Gesualdi, Louis Bisignano, Anthony D'Aquila, Michael O'Toole, Michael Bourgal, Frank H. Finkel, Joseph A. Ferrara, Sr., Marc Herbst, Denise Richardson and Thomas Corbett are Trustees and Fiduciaries of the Local 282 Welfare Trust Fund, the Local 282 Pension Trust Fund, the Local 282 Annuity Trust Fund, the Local 282 Job Training Trust Fund, and the Local 282 Vacation and Sick Leave Trust Fund ("Plaintiffs" or the "Funds"). Plaintiffs bring this action against defendants S. DiFazio and Sons Construction, Inc. d/b/a DiFazio Environmental Services ("DiFazio Environmental"), DiFazio Ind., LLC d/b/a DiFazio Industries ("DiFazio LLC") and DiFazio Industries, Inc. ("DiFazio Inc.") (DiFazio LLC and DiFazio Inc. collectively referred to as "DiFazio Industries"), Faztec Industries, Inc. ("Faztec"), West Shore Trucking, Inc. ("West Shore"), Phyllis DiFazio and John DiFazio (collectively, "Defendants") to collect delinquent employer contributions pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1132(a)(3) and 1145 and the Labor-Management Relations Act ("LMRA"), 29 U.S.C. § 185. Before the Court, on referral from District Judge Feuerstein, are: (1) Defendant Faztec's motion *in limine* to require Plaintiffs to demonstrate a change in circumstances since 2011 materially relevant to the issues of double

breasting, single employer or alter ego status prior to attempting to introduce such evidence concerning any period subsequent to 2011; and (2) Plaintiffs' motion to preclude Defendants' use at trial of documents, as well as any arguments based on those documents, that were not produced to Plaintiffs during discovery in this matter. For the reasons stated below, the Court respectfully reports and recommends that Defendant Faztec's motion be denied, and Plaintiffs' motion be denied.

## BACKGROUND

The Court presumes familiarity with the facts and procedural history of this case and only includes those facts that are necessary for resolution the instant motions.

In the present action, Plaintiffs allege that Defendants constitute a single employer, are alter egos of one another and/or are double breasted entities, such that all Defendants are bound by certain agreements to which only DiFazio Environmental is a signatory. More specifically, the complaint alleges that Defendants engaged in a scheme to evade paying contributions to the Funds whereby DiFazio Environmental, DiFazio Industries, Faztec and West Shore all performed covered trucking services at the direction of DiFazio Industries, but the only hours of covered work which were reported to the Plaintiffs and for which contributions were remitted were the hours performed by signatory DiFazio Environmental. Compl. ¶¶ 49-56, 72-74, 80. As such, Plaintiffs claim that all Defendants are jointly and severally liable to Plaintiffs for delinquent employer contributions.

This is the second action brought by Plaintiffs against DiFazio Enviromental. On August 21, 2009, Plaintiffs brought an action against DiFazio Environmental for unpaid contributions allegedly owed for work performed by Faztec, alleging that Faztec was an "affiliated company" of DiFazio Environmental. *Ferrara v. S. Di Fazio and Sons Constr. Corp.*, No. 09-CV-3649 (JG) (E.D.N.Y. 2009) (the "2009 Action"). A copy of the 2009 complaint is attached to the Declaration of Peter Sullivan dated January 28, 2020 ("Sullivan Decl.") as Exhibit B. The sole

2

defendant named in that action is DiFazio Environmental. *Id*. On June 1, 2011, the parties reached a settlement of the 2009 Action. A copy of the Stipulation and Order of Settlement, which was so ordered by District Judge Gleeson on June 6, 2011, is attached to the Sullivan Decl. as Exhibit C (the "2011 Stipulation"). According to the 2011 Stipulation, Plaintiffs determined to withdraw their claim with prejudice that:

> DiFazio [Environmental] and Faztec are affiliates, as defined in the Trust Agreement; that DiFazio [Environmental] and Faztec are otherwise affiliates such that Faztec may be obligated under DiFazio [Environmental's] Teamster collective bargaining agreement; that DiFazio [Environmental] may otherwise be responsible to Plaintiffs for Faztec's operations; or that Faztec may otherwise be responsible for DiFazio [Environmental's] obligations to Plaintiffs.

2011 Stipulation at 2-3. The 2011 Stipulation also contained the following:

> the Parties aver that nothing in this Stipulation shall be interpreted to limit the Trustees' ability to allege based on changed circumstances that for any period commencing after the entry date of this Stipulation, DiFazio [Environmental] and Faztec share an affiliate relationship, as defined in the Trust Agreement, or any other such relationship

*Id.* at 3. Finally, the 2011 Stipulation contained a release (the "Release"), which provides in pertinent part as follows:

> [t]he Trustees and their successors and assigns, and, collectively, their past, present and future trustees, fiduciaries, administrators, employees, agents, and representatives ("Releasors") discharge and release all claims, obligations, demands and judgments, causes of action and charges, of whatever kind or nature, whether known or unknown, which they now may have against: DiFazio [Environmental] and Faztec and each of their owners, officers, directors, employees, shareholders, affiliates, agents or any of their successors or assigns ("Releasees") for all periods prior to August 31, 2008. For periods up to the date of this Stipulation, Releasors specifically release Releasees from any claim, obligation, demand, judgment, cause of action or charge of whatever kind, whether known or unknown, which they now have that Faztec is an alter ego, single employer, controlled group member or is otherwise affiliated with DiFazio [Environmental] such that Faztec is responsible for any benefit fund contribution, delinquency liability or obligated under any labor agreement between DiFazio [Environmental] and Teamsters Local 282 or any trust document attendant thereto. Releasees expressly acknowledge that Faztec is a separate corporation

3

>which shall not be deemed liable, in any of the aforementioned regards or otherwise, for the obligations of DiFazio [Environmental]. . . .

*Id.* at 4-5.

In the instant action, Defendants DiFazio Environmental, DiFazio Industries and Faztec moved for judgment on the pleadings on April 13, 2017 and West Shore filed a motion for judgment on the pleadings on April 25, 2017. Both motions were referred to the undersigned for a report and recommendation. Among other things, these Defendants argued that (1) the Release in the 2011 Stipulation barred Plaintiffs from claiming any contributions prior to June 1, 2011, (2) any pre-2011 claims were barred under the doctrine of *res judicata*, (3) the 2011 Stipulation precluded further litigation regarding the same time period, since Faztec "has already paid all required union and fund payments to [Local] 447 for the same work claimed by [Local] 282" and Plaintiffs have not shown a duty under Local 282's collective bargaining agreement ("CBA") with DiFazio Environmental that Faztec is doubly liable to the Funds for work performed by other union workers, all causes of action against Faztec should be dismissed, and (4) Plaintiffs fail to allege sufficient non-conclusory facts to support their theories of affiliate liability. On December 12, 2017, this Court's recommended that the motions be granted only to the following extent: (1) Plaintiffs' claims against Faztec for delinquent contributions accruing prior to June 1, 2011 should be dismissed as barred by the 2011 Release; and (2) Plaintiffs' claims for declarative and injunctive relief should be dismissed to the extent these claims essentially seek money damages. Report and Recommendation, dated December 12, 2017 at 25 ("2017 Report"). Judge Feuerstein adopted the 2017 Report in its entirety. *See Gesualdi v. S. DiFazio & Sons Constr., Inc.*, No. 16-CV-5209, 2018 U.S. Dist. LEXIS 38513, 2018 WL 1202640 (E.D.N.Y. Mar. 8, 2018).

Plaintiffs filed an Amended Complaint in January 2019. ECF No. 135. In July 2019, Judge Feuerstein referred this matter to arbitration. ECF. No. 155. Following an unsuccessful arbitration, this matter was scheduled for trial in February 2020. Faztec filed its motion *in limine* on January 28, 2020 and Plaintiffs filed their motion *in limine* on January 29, 2020. Both motions were referred to the undersigned by Judge Feuerstein on February 4, 2020.

## DISCUSSION

### I. Standard of Law

A motion *in limine* lies in this Court's "inherent authority to manage the course of its trials." *Highland Capital Mgmt., L.P. v. Schneider*, 551 F.Supp. 2d 173, 176 (S.D.N.Y. 2008). "The purpose of an *in limine* motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996) (quotations omitted). "Evidence should be excluded on a motion *in limine* only when the evidence is clearly inadmissible on all potential grounds." *Jean-Laurent v. Hennessy,* 840 F. Supp. 2d 529, 536 (E.D.N.Y. 2011) (citation omitted). "The Federal Rules of Evidence . . . provide that '[i]rrelevant evidence is not admissible' and define 'relevant evidence' as that 'having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.'" *Romanelli v. Long Island R. Co*., 898 F. Supp. 2d 626, 629 (S.D.N.Y. 2012) (quoting Fed. R. Evid. 401, 402). The Federal Rules of Evidence provide that "[r]elevant evidence is admissible unless any of the following provides otherwise: the United States Constitution; a federal statute; these rules; or other rules prescribed by the Supreme Court." Fed. R. Evid. 402.

## II. Analysis

### A. Proof of Change in Circumstance Prior to Admission of Alter Ego Evidence

Faztec has not identified any evidence it seeks to preclude at trial. Rather, Faztec argues that Plaintiffs should be required to demonstrate "changed circumstances" since 2011 relevant to the issues of double breasting, single employer or alter-ego status prior to introducing evidence on such issues concerning any period subsequent to 2011. Def. Mem. at 2. Faztec concedes "it is not arguing that Plaintiffs are precluded from seeking to admit evidence against Faztec of double breasting, single employer or alter ego status. Faztec is merely arguing that Plaintiffs have already promised Faztec and this Court, that it will only seek to introduce such evidence as part of a submission of circumstances that have changed since 2011." Def. Mem. at 8.

Faztec cites no rule of evidence which conditions the admissibility of this evidence upon proof of changed circumstances, but rather argues that the language of the 2011 Stipulation imposes such a condition. Faztec argues that the Stipulated Facts in the 2011 Stipulation bind Plaintiffs. As previously acknowledged by this Court the 2011 Stipulation is binding on Plaintiffs. 2017 Report at 13. However, the language in the 2011 Stipulation does not support Faztec's interpretation that it "requires" Plaintiffs to produce proof of changed circumstances. The word "unless" which Faztec relies upon does not appear anywhere in the WHEREAS clause cited. Indeed, this clause appears designed expressly to protect Plaintiffs ability to bring future claims against Faztec.

Faztec's reliance on this Court's decision in *Jarry v. Nat'l Collegiate Student Loan Tr. 2005-3*, No. 18-CV-0315 (SJF) (ARL), 2019 U.S. Dist. LEXIS 69706, 2019 WL 3326165 (E.D.N.Y. April 23, 2019), is misplaced. The issue in *Jarry*, which was decided in the context of a motion for summary judgment, was whether a Settlement Stipulation constituted a final

6

judgement on the merits of the matters at issue in a state court action for purposes of *res judicata*, because the stipulation did not result in the dismissal of that action, with prejudice. 2019 U.S. Dist. LEXIS 69706, *4.  The Court found it did not and denied the motion for summary judgment.  Faztec points out that Judge Feuerstein, in adopting this Court's recommendation that the motion for summary judgment be denied, stated that "it is highly unlikely that the parties intended to resolve the New York Action for fourteen thousand dollars ($14,000.00) while leaving themselves at risk for continuing or future litigation arising out of the same transactions or operative facts."  The Court's discussion upon which Faztec relies was addressed to plaintiff's argument regarding the effect of a stipulation of settlement and a discussion of the circumstance under which a stipulation of settlement could be considered a final judgment for *res judicata* purposes.  There is no doubt that the 2011 Stipulation is in a form that would be considered a final judgment.  Indeed, this Court has already ruled that "*res judicata* bars Plaintiffs' claims against DiFazio Environmental for the period up to August 21, 2009."  2017 Report at 13.

However, to the extent that Faztec is arguing that under *Jarry* the issue of its of double breasting, single employer or alter ego status status is *res judicata*, unless Plaintiff comes forward with evidence of a "change in circumstance"[1] that application is denied.  Under federal law, *res judicata* "'bars later litigation if earlier decision was (1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) in a case involving the same parties or their privies, and (4) involving the same cause of action.'"  *In re Motors Liquidation Co.*, 576 B.R. 313, 321 (Bankr. S.D.N.Y. 2017) (quoting *In re MF Glob. Holdings, Ltd.*, No. 11-15059 (MG), 2014 Bankr. LEXIS 3067, 2014 WL 3536977, at *4 (Bankr. S.D.N.Y. July 17, 2014)) (alteration in

---

[1] Def. Reply Mem. at 2.

7

original). "The burden is on the party seeking to invoke *res judicata* to prove that the doctrine bars the second action." *In re DeFlora*, at 595 (quoting *Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 126 F.3d 365, 369 (2d Cir. 1997)). The doctrine of *res judicata*, or claim preclusion, provides that a "final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94, 101 S. Ct. 411, 66 L. Ed. 2d 308 (1980). Faztec was not a party to the prior action and has not come forward with evidence to establish that it was in privity with DiFazio Environmental. *See, e.g.*, *Gesualdi v. S. DiFazio & Sons Constr., Inc.,* No. 16-CV-5209, 2018 U.S. Dist. LEXIS 38513, 2018 WL 1202640 (E.D.N.Y. Mar. 8, 2018) ("Moreover, the Court agrees with the Magistrate Judge that given the current procedural posture of this case and its concomitant record, there is insufficient information to conclude that Faztec, Industries and West Shore were in privy with Environmental thereby warranting preclusion"). Accordingly, the doctrine of *res judicata* does not apply here.

     Moreover, the Court has already ruled that all claims against Faztec prior to the signing of the 2011 Stipulation are barred by the Stipulation, therefore the only remaining claims pertain to the period after the 2011 signing. The test for alter ego status is "flexible" and dependent upon the "circumstances of the individual case." *Retirement Plan of UNITE HERE Nat. Retirement Fund v. Kombassan Holding A.S.,* 629 F.3d 282, 288 (2d Cir. 2010) (internal quotation marks omitted) (quoting *Goodman Piping Prod., Inc. v. NLRB*, 741 F.2d 10, 11 (2d Cir. 1984)). Accordingly, Plaintiffs should be permitted to present evidence relating to Faztec's status for the claim subsequent to June 2011. *See, e.g., In re Advanced Contracting Solutions, LLC*, 582 B.R. 285, 310 (Bankr. S.D.N.Y. 2018). (rejecting argument that a prior decision regarding alter ego status should be given res judicata effect when transactions occurred after the

8

date of the dismissal). Either Plaintiff will present facts, different from those already stipulated to or will be unable to establish liability. There is no need for the Court to establish a condition precedent for such proof.

Accordingly, the undersigned respectfully recommends that Faztec's motion *in limine* be denied.

### 1. Exclusion of Documents Not Produced In Discovery

Plaintiffs have filed a motion *in limine* seeking to preclude Defendants use at trial of documents not produced during discovery. "The Second Circuit has identified four factors courts should consider in determining whether evidence should be precluded: (1) the explanation for the failure to disclose, (2) the importance of the evidence to be precluded, (3) prejudice if the evidence were not precluded, and (4) the possibility of a continuance." *Polanco v. Active Ret. Cmty., Inc.*, No. 14-CV-4145 (SJF), 2015 U.S. Dist. LEXIS 192207, 2015 WL 12564206, at *10 (E.D.N.Y. Dec. 21, 2015) (citing *Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006)). In considering possible sanctions, "it can be important for the district court to assess the relative roles of attorney and client in causing the delay, as well as whether a tactical benefit was sought by" the alleged misconduct. *Wide Polymers, Inc. v. Shinkong Synthetic Fibers Corp.*, 694 F.3d 155, 159 (2d Cir. 2012) (quoting *Dodson v. Runyon*, 86 F.3d 37, 40 (2d Cir. 1996)).

Plaintiffs argue that on January 5, 2020, after the close of discovery, Faztec produced documents described as "Faztec's Material Analysis Report and DiFazio Industries daily work schedules for the period 2011-2016." Pl. Mem. at 2. According to Plaintiffs, these documents were called for by Plaintiffs' First Demand for the Production of Documents served in December and January 2017 on the Defendants and were never produced. Smith Declaration dated January 28, 2020. In response, Faztec provides a declaration from John DeBiase, an employee of

9

DiFazio Inc., claiming that

> The reason the specific [DiFazio Inc.] Work Schedules were not included in the previous submission was simply because Plaintiff never listed "DiFazio Daily Work Schedules" in its among its list of document titles sought. We provided a very large amounts of documentation concerning our truck trips that proved the fact of the truck trips. We did not intentionally "hide" the Daily Reports. Because the documents were not specifically listed, and did not list the necessary truck trips, we didn't think of them.

DeBiase Decl. at ¶ 8. Plaintiffs' First Demand To The Defendant Faztec Industries, Inc. To Produce Documents requests contains several requests that would have arguably called for the production of the Faztec's Material Analysis Report and DiFazio Industries daily work schedules for the period 2011-2016.[2]  However, Plaintiffs' can hardly claim surprise in receiving these documents since they were provided to Plaintiffs in the course of settlement negotiations.  *See* DeBiase ¶ 4 ("The [DiFazio, Ind.] Work Schedules were provided to Plaintiffs as part of settlement discussions to provide context to the discussion of damages.")

With respect to prejudice and the possibility of a continuance, Plaintiffs argue that since the trial was then scheduled to begin in two weeks there was no possibility of a continuance or reopening discovery.  Pl. Mem. at 6.  Since the filing of this motion, the trial has been adjourned without date and Plaintiffs themselves have filed a motion to reopen discovery.  Thus, this factor weighs heavily in favor of Defendants, particularly since Defendants have offered "to conduct expedited discovery and depositions to ensure that Plaintiffs could not believe that they were

---

[2] For example: "Copies of any documents evidencing trucking work performed by Defendant or Defendants in the Bronx, Manhattan, Brooklyn, Queens, or Staten Island."  Request No. 16.  "Copies of any documents evidencing delivery or receipt of materials to any project by any of the Defendants in this action, including but not limited to dump tickets, trucking manifests or other document listing the cargo, drivers or destination of a truck delivery."  Request No. 28. "All documents concerning Defendant's work or any of its subsidiaries or affiliated companies or subcontractors work in Manhattan, Bronx, Queens, Staten Island, or Brooklyn, including but not limited to a copy of any agreement for such work documents detailing the nature of the work performed, the period the work commenced or will commence, and the duration of the work, and the names of any employees, including truck drivers utilized for the work."  Request No. 33

10

prejudiced." Sullivan Decl. 3.

In light of the adjournment of the trial date, Defendants' offer to provide expedited discovery concerning the documents in questions and the possibility of reopening discovery in any event, the court respectfully recommends that Plaintiffs' motion to preclude the use of the Faztec's Material Analysis Report and DiFazio Industries daily work schedules be denied.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Such objections shall be filed with the Clerk of the Court via ECF. Any requests for an extension of time for filing objections must be directed to Judge Seybert prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Beverly v. Walker*, 118 F.3d 900, 901 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated:  Central Islip, New York
        July 28, 2020

                                                    _____/s_____
                                                    ARLENE R. LINDSAY
                                                    United States Magistrate Judge