UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
THOMAS GESUALDI, LOUIS BISIGNANO,
ANTHONY D'AQUILA, MICHAEL O'TOOLE,
MICHAEL BOURGAL, FRANK H. FINKEL,
JOSEPH A. FERRARA, SR., MARC HERBST,
DENISE RICHARDSON, and
THOMAS CORBETT, as Trustees and Fiduciaries
of the Local 282 Welfare Trust Fund, the Local
282 Pension Trust Fund, the Local 282 Annuity
Trust Fund, the Local 282 Job Training Trust
Fund, and the Local 282 Vacation and Sick
Leave Trust Fund,

        Plaintiffs,

  v.

S. DiFAZIO AND SONS CONSTRUCTION, INC.
d/b/a DiFAZIO ENVIRONMENTAL SERVICES,
DiFAZIO IND., LLC d/b/a DiFAZIO INDUSTRIES,
DiFAZIO INDUSTRIES, INC., FAZTEC
INDUSTRIES, INC., and
WEST SHORE TRUCKING, INC.,
Jointly and Severally,

        Defendants.
------------------------------------------------------------------x
FEUERSTEIN, Senior District Judge:

Case No.: 16-cv-5209 (SJF)(ARL)
**ORDER ADOPTING REPORT & RECOMMENDATION**
(ECF No. 179)

I. <u>Introduction</u>

    Before the Court is a Report and Recommendation (hereafter, "Report"[1]) of the Honorable Arlene R. Lindsay, United States Magistrate, dated July 28, 2020 (*see* ECF No. 179):

---

[1] The Court presumes the parties' familiarity with the facts and procedural history of this case, as well as the terms of art defined in the Report, which are incorporated herein.

1

(1) recommending that:

 (a) <u>as to Defendant Faztec's motion *in limine*</u> (the "Faztec *Limine* Motion")(*see* ECF No. 161) – which requests Plaintiffs be required to demonstrate a change in circumstances since 2011 materially relevant to the issues of double breasting, single employer, and/or alter ego status before Plaintiffs are be permitted to introduce such evidence for any period after 2011 – <u>it be denied</u> (*see* Report at 8-9); and

 (2) <u>as to Plaintiffs' motion *in limine*</u> (the "Trustees *Limine* Motion") (*see* ECF No. 162) – which requests Defendants be precluded from using at trial documents, and arguments based on those documents, that were not produced to Plaintiffs during discovery – <u>it be denied</u> (*see* Report at 11); and

(2) advising, *inter alia,* that:

 (a) "the parties shall have fourteen (14) days from service of th[e] Report . . . to file written objections" which "objections shall be filed with the Clerk of the Court" (*id.* (referencing 28 U.S.C. § 636(b)(1)(C)); and

 (b) "[f]ailure to file objections will result in a waiver of those objections for purposes of appeal." (*Id.* (citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Beverly v. Walker*, 118 F.3d 900, 901 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).)

On July 28, 2020, a copy of the Report was served upon counsel for all parties via ECF. (*See* Notice of Electronic Filing *associated with* ECF No. 179.) Despite such service, no objections have been filed; nor did any party seek an extension to do so. (*See* Case Docket, *in universum*.) For the reasons set forth below, Magistrate Judge Lindsay's Report is adopted in its entirety.

2

II. Discussion

    *A. Standard of Review*

Any party may serve and file written objections to a report and recommendation of a magistrate judge within fourteen (14) days after being served with a copy thereof. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2). Any portion of such a report and recommendation to which a timely objection has been made is reviewed *de novo*. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(3). However, the Court is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed. *See Thomas,* 474 U.S. at 150. Indeed, "[w]here parties receive clear notice of the consequences, failure to timely object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." *Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015) (quoting *Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)).

To accept a magistrate judge's report and recommendation absent a timely objection, the court need only be satisfied that there is no clear error on the face of the record. *See* FED. R. CIV. P. 72(b); *Baptichon v. Nevada State Bank*, 304 F. Supp.2d 451, 453 (E.D.N.Y. 2004), *aff'd*, 125 F. App'x 374 (2d Cir. 2005). Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

    *B. Review of the Report*

As noted, no party has filed objections to the Report within the time prescribed in 28 U.S.C. § 636(b)(1)(C), nor has any party sought an extension of the deadline. As the parties were provided with adequate notice of the Report and an express warning of the consequences of failing to timely file objections thereto, their failure to interpose timely objections to the Report operates as a waiver of further judicial review. *See Caidor v. Onondaga County,* 517 F.3d 601,

602-03 (2d Cir. 2008); *Mario,* 313 F.3d at 766. Thus, this Court is not obligated to conduct a *de novo* review of the findings and conclusions in the Report; rather, it "need only satisfy itself that there is no clear error on the face of the record to accept a magistrate judge's report and recommendation." *Safety-Kleen Sys., Inc. v. Silogram Lubricants Corp.*, No. 12-cv-4849, 2013 WL 6795963, at *1 (E.D.N.Y. Dec. 23, 2013).

After a careful review of the Report, the Court finds no plain error in either Magistrate Judge Lindsay's reasoning or her conclusions that:

(1) <u>as to the Faztec Limine Motion</u>: while the 2011 Stipulation "is binding on the Plaintiffs," it "does not support Faztec's interpretation that [said Stipulation] 'requires' Plaintiffs to produce proof of changed circumstances" (Report at 6); and "the doctrine of *res judicata* does not apply here" (*id.* at 8); therefore, "Plaintiffs should be permitted to present evidence relating to Faztec's status for the claim subsequent to June 2011" (*id.*) and the Faztec Limine Motion should be denied (*id.* at 9); and

(2) <u>as to the Trustees Limine Motion</u>: the cumulative effect of the following factors weigh in favor of recommending the denial of said Motion (*see id.* at 11): the subject documents, *i.e.*, the Faztec's Material Analysis Report and the DiFazio Industries daily work schedules, were already provided to the Plaintiffs "in the course of settlement negotiations" in this matter (*id.* at 10); the February 2020 trial has been adjourned without date (*see id.* at 11); Defendants have "offer[ed] to provide expedited discovery concerning the documents in questions" (*id.*); and, there is the possibility that discovery may be reopened given the Trustees' pending motion seeking such relief (*see id.*; *see also* ECF No. 175 (Trustees' Motion to Reopen Discovery)).

Hence, the Court adopts the Report in its entirety.

4

III. Conclusion

    Accordingly, IT IS HEREBY ORDERED that:

    *A.* The Faztec Limine Motion (ECF No. 161) is DENIED; and

    *B.* The Trustees Limine Motion (ECF No. 162) is DENIED.

    SO ORDERED this 3rd day of September 2020 at Central Islip, New York.

    /s/ *Sandra J. Feuerstein*
    Sandra J. Feuerstein
    United States District Judge